Cargle v. Railroad Co.

ROBERT L. CARGLE, by next friend, v. NASHVILLE, CHATTANOOGA & ST. LOUIS RAILROAD CO.

7L 717
13L 209

INFANT. *Next friend. Pauper oath.* An infant cannot sue in *forma pauperis*, nor by a next friend in *forma pauperis*, for a personal injury, either by the common law of this State, or under the Code, sec. 2804.

FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton county. D. C. TREWHITT, J.

———— ——— for Cargle.

KEY & RICHMOND for Railroad Company.

COOPER, J., delivered the opinion of the court.

The plaintiff sued the defendant for damages to his person. The defendant moved to dismiss the action because it appeared on the face of the delaration that the plaintiff was an infant of tender years, and sued without a next friend. The court sustained the motion, but permitted the plaintiff to amend by properly inserting the name of M. V. Cargle, his mother, as next friend. The plaintiff had filed the pauper oath upon suing out the writ, and the next friend now filed a similar oath for herself, and stated therein that the plaintiff had no estate except the claim sued on. The defendant again moved to dismiss for want of a pros-

ecution bond, and the court sustained the motion unless a bond was filed in a given time.    The plaintiff and next friend declined to give the bond, and the suit was dismissed.    An appeal was granted upon the plaintiff taking the pauper oath.    Both plaintiff and next friend filed the oath.

It has been the settled law of this State that any person, who chooses, may bring an action, whether at law or in equity, in the name of an infant as his next friend, provided he can give security for costs: *Miles* v. *Kaigler,* 10 Yer., 17 ; *Stephenson* v. *Stephenson,* 3 Hayw., 123; *Benton* v. *Pope,* 5 Hum., 392 ; *Ruohs* v. *Backer,* 6 Heis., 401.    "We do not mean to say," is the language of Judge Turley in the first of these cases, "that this has been settled by judicial determination, but by a practice so long pursued and acquiesced in as to render it impossible to alter it but by legislative enactment."    We may add, that the law is now settled by judicial determination.    It has been expressly held that the next friend cannot commence a suit on behalf of an infant without first giving bond and security for costs:    *Green* v. *Harrison,* 3 Sneed, 131.    Nor prosecute an appeal upon the pauper's oath : *Brooks* v. *Workman,* 10 Heis., 430.    Nor can a guardian *ad litem: Musgrove* v. *Lusk,* 5 Baxt., 684.    Nor can the infant appeal by taking the pauper oath : *Sharer* v. *Gill,* 6 Lea, 495.    Nor can a married woman when she is compelled to sue by next friend : *Gorman* v. *Flynn,* September term, 1879.    And the next friend of a married woman must always give security for costs:    *Hawkins* v. *Hawkins,* 4 Sneed, 105.

The reason of these rules is that persons under disability, and especially infants, are incapable of judging of their own interests, and therefore of charging their estates with costs, and the pauper oath is a personal privilege to be exercised for the party's own benefit: *McCoy* v. *Broderick*, 3 Sneed, 202. The right of action of a person under disability is protected against lapse of time by statute: Code, sec. 2757. An infant may, therefore, sue by next friend during minority for damages to his person, or in his own name after he comes of age within the time prescribed: *Whirley* v. *Whiteman*, 1 Head, 610; *Green* v. *Perkins*, 3 Lea, 494.

There is nothing in the Code, sec. 2804, to change the rule. That section was intended to exclude any presumption that the right of action of an infant for a personal injury would be impaired by the next preceding section, which gives the father, or, in case of his death or desertion, the mother a right of action for a personal injury to their infant child. If the suit can be brought in the name of the infant alone, he will be chargeable with costs if the action fail. The result would be to burden the infant, at the very outset of life, with the expense of unsuccessful litigation, brought by irresponsible parties, in the creation of which he could have no intelligent voice.

Affirm the judgment.